IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAH SANDOVAL, an individual,

    Plaintiff,

v.                                  Case No.: 2:25-CV-00218

CATTLE BARON RESTAURANTS, INC.;
MONTE WALKER; JOHN DOES 1-X;
JANE DOES 1-X; AND WHITE ENTITIES
1-X,

    Defendants.

## DEFENDANT CATTLE BARON RESTAURANTS, INC'S MOTION TO DISMISS

**COMES NOW** Defendants, Cattle Baron Restaurants, Inc.[1] (hereinafter "Cattle Baron") by and through their undersigned counsel Danny W. Jarrett and Linn E. Gillen of Jackson Lewis P.C. hereby submit this 12(b)(6) Motion based on failure to exhaust administrative remedies.

Because Plaintiff failed to fully exhaust her administrative remedies, this Court lacks subject matter jurisdiction over Plaintiff's claims. Moreover, the claims should be dismissed with prejudice given that it is also currently impossible for Plaintiff to comply with statutory pre-suit procedural requirements. Defendant attempted to meet and confer with Plaintiff's counsel to determine if the motion would be opposed pursuant to LR-Civ. 7.1(a) to which no response was received. *See* **Exhibit A**. Therefore, opposition to this motion is presumed.

---

[1] Cattle Baron Restaurants, Inc. was served on May 6, 2025. No other Defendant has been properly served. Although, this is the first responsive pleading all other defenses are being expressly withheld until such time as the Court rules on this motion. No other Defendant named in the suit has been properly served, as such they are not making an appearance. This motion is on behalf of Cattle Baron Defendant only.

## I.     BACKGROUND

Plaintiff filed the operative Complaint on February 28, 2025. **ECF No. 1**. The Complaint does not include allegations or any detailed timeline as to when the alleged events occurred, other than a vague statement that Plaintiff worked for Cattle Baron from 2012 to April 2, 2024. **ECF No. 1 ¶18**. Plaintiff erroneously asserts that she has demonstrated exhaustion under the New Mexico Human Rights Act (hereinafter "NMHRA") by obtaining a Determination and Notice of Rights from the EEOC. **ECF No. 1 ¶13-16**. Defendant factually and legally challenges that exhaustion has not been demonstrated regarding the New Mexico Human Rights Act claims. Plaintiff asserts that she was issued a Determination and Notice of Rights from the Equal Employment Opportunity Commission (hereinafter "EEOC") on December 2, 2024, but fails to note what was alleged in the underlying charge or when it was filed. **ECF No. 1 ¶**17. No copy of any Charge was submitted with the Complaint, instead the Charge obtained by Defendant sounds only in retaliation under Title VII. (*See* **Exhibit B,** Plaintiff's Charge of Discrimination with EEOC Charge No. 543-2024-00938 digitally signed by Plaintiff on November 13, 2024.). Plaintiff incorrectly asserts that administrative remedies have been exhausted under New Mexico Human Rights Act (NMHRA) and Title VII. **ECF No. 1 ¶13-16**.

The EEOC issued a "Determination of Charge" on December 2, 2024, which expressly stated it "…makes no determination about whether further investigation would establish violations of the statute." **Exhibit C**.  Compliance with the statutes has not been investigated. **Exhibits B-C**. The factual assertions in the Complaint could conceivably comply with the required state and federal statutory scheme, except only an EEOC Charge was filed based upon retaliation, and only under Title VII and not NMHRA. **Exhibit B**.

2

The operative EEOC Charge was based upon only retaliation under Title VII and specifically stated **Plaintiff was accused of sexual harassment** against another female co-worker and was placed on administrative leave pending investigation into the complaint. **Exhibit B**. This is a legitimate non-discriminatory rationale for placing a person on a leave of absence as a matter of law. Many of the factual assertions that are the basis for Plaintiff's claims to the EEOC fall outside of the Title VII time period and have not been reviewed for compliance with the statute by the EEOC. **Exhibit C**. The Charge is silent regarding *the set* of allegations set out in Plaintiff's Complaint. Compare **ECF No. 1** to **Exhibit B**. This is impermissible. Plaintiff has not filed a Charge of discrimination with any agency based on NMHRA for any of the issues contained within her Complaint **within 300 days** of the allegedly improper employment discrimination, therefore the claims cannot possibly have been reviewed by either the EEOC or New Mexico Human Rights Bureau. The EEOC Charge is silent as to any claims of gender discrimination or hostile work environment as alleged in the Complaint. These claims should be dismissed as a matter of law, with prejudice, by this Court because there cannot be timely exhaustion where a Charge has never been filed. The time to file an EEOC or NMHRB charge based on these allegations has long passed, therefore this portion of the Complaint must be dismissed with prejudice as to Title VII and NMHRA. Defense counsel attempted to meet and confer with Plaintiff's counsel to determine if this motion would be necessary, and no Charge of Discrimination based on NMHRA were ever produced. **Exhibit A**.

## II.    ARGUMENT

### A.    Plaintiff failed to establish that she exhausted his administrative remedies with respect to his NMHRA claims therefore this Court lacks subject matter jurisdiction over this claim.

When a Plaintiff brings a NMHRA claim under New Mexico law even in federal Court[2], the failure to exhaust administrative remedies deprives a court of subject matter jurisdiction. *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶13, 314 P.3d 681 (quoting *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶20, "Jurisdiction of the matters in dispute does not lie in the courts until the statutorily required administrative procedures are fully complied with); *In re Application of Angel Fire Corp.*, 1981-NMSC-095, ¶5, 96 N.M. 651, 634 P.2d 202). When a plaintiff has failed to exhaust administrative remedies, thus depriving a district court of subject matter jurisdiction, dismissal of the complaint is appropriate. *Luboyeski v. Hill*, 1994-NMSC-032, ¶7, 117 N.M. 380, 872 P.2d 353; *Angel Fire*, 1981-NMSC-095, ¶ 5; *Jaramillo v. J. C. Penney Co.*, 1985-NMCA-002, ¶4, 102 N.M. 272, 694 P.2d 528. "Typically, subject matter jurisdiction cannot be waived and can be raised at any time." *State ex rel. Children, Youth & Families Dep't v. Andree G.*, 2007-NMCA-156, ¶18, 143 N.M. 195, 174 P.3d 531. Furthermore, when subject matter jurisdiction is lacking, dismissing a claim with prejudice is appropriate. *See* generally *Schneider Nat'l, Inc. v. State Taxation & Revenue Dep't*, 2006-NMCA-128, ¶¶ 7-12, 140 N.M. 561, 144 P.3d 120 (holding it was proper to grant summary judgment where district court did not have subject matter jurisdiction when complaint was not filed within specific time frame).

---

[2] "Both the Human Rights Act and Title VII require the exhaustion of administrative remedies. See *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 121 (2002) (exhaustion of administrative remedies required under Title VII); *Sonntag v. Shaw*, 2001- NMSC 015, 130 N.M. 238, 22 P.3d 1188 (N.M. 2001) (exhaustion of administrative remedies required under the Human Rights Act). Under the Human Rights Act, a plaintiff is required to file a complaint within ***180 days*** after the unlawful conduct. N.M. Stat. Ann. 1978 § 28-1-10(A); see also *Mitchell-Carr v. McLendon*, 1999- NMSC 025, 127 N.M. 282, 980 P.2d 65, 69 (N.M. 1999). Under Title VII, a plaintiff has **300 days** from the date of an unlawful act to file a complaint. *Boyer v. Cordant Technologies, Inc.*, 316 F.3d 1137, 1138-39 (10th Cir. 2003)." *McNulty v. Sandoval County*, 2006 U.S. Dist. LEXIS 112716. (Emphasis Added)

This Court has been divested of subject matter jurisdiction to entertain any allegations contained in Plaintiff's Complaint regarding the NMHRA because the requisite procedural prerequisites have not been met. Specifically, Plaintiff filed an EEOC Charge based upon "retaliation" not any set of NMHRA allegations laid out in her Complaint. (*Compare* **ECF No. 1** with **Exhibit B**). Plaintiff's EEOC Charge 543-2024-00938 states only allegations to be analyzed under Title VII the charge fails to assert NMHRA as the basis for either the EEOC or New Mexico Department of Workforce Solutions to conduct an investigation. **Exhibit B-C**.

When Plaintiff's Charge of Discrimination is compared to the Complaint filed on February 28, 2025, it is apparent that the bare minimum procedural requirements have not been met. Plaintiff's Complaint sounds only in Title VII retaliation claims. The NMHRA is not asserted therefore any of these allegations were never put "at issue" in Plaintiff's charge of discrimination, and this is legally impermissible as it deprives the Court of subject matter jurisdiction. *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶ 13, 314 P.3d 681 quoting *In re Application of Angel Fire Corp.*, 1981-NMSC-095, ¶5, 96 N.M. 651, 634 P.2d 202.

Next, as to the factual claims that fall outside the 300-day requirement under NMHRA these claims have not been reviewed under NMHRA and therefore cannot lie in this suit. **Exhibit B**. Plaintiff was required to file a charge of discrimination based on her allegations within 300 days of the alleged act. NMSA 1978 § 28-1-10(A) (2005). This never occurred; therefore, Defendant makes a clear and unequivocal *prima facie* case for failure to exhaust administrative remedies under the NMHRA[3]. Plaintiff brought this case before this tribunal without it properly

---

[3] "New Mexico case law has clearly established that the exhaustion of administrative remedies is a prerequisite to filing a case under the NMHRA. We therefore hold that Plaintiffs, who have alleged in their complaint that they have exhausted their administrative remedies**, have the burden of proving such in order for their case to proceed at the district court level**." *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶11, 314 P.3d 681. (Emphasis added)

5

being reviewed by the necessary administrative agencies. This defect cannot be cured because the time period to bring any charge under the NMHRA and for Title VII for this allegation has passed. The last possible date for Plaintiff to bring a charge under the NMHRA for these alleged claims has long passed under the NMHRA.

Under the requisite statutory language of the NMHRA, the point of the "trial de novo" is that an administrative agency has properly investigated the factual allegations contained within the charging party's initial Charge of Discrimination. The New Mexico statutory scheme is outlined fully in New Mexico Human Rights Act §§ 28-1-1 through 28-1-15.  Pursuant to this scheme, Plaintiff must file a charge within 300 days of the allegedly offending act. NM Stat § 28-1-10 (2018). ***After an investigation*** by the Human Rights Bureau is conducted if an order of non-determination is issued pursuant to NM Stat § 28-1-10 A-J (2018) then the Claimant may file in civil complaint for a trial "de novo." A Claimant may not transmute a "Order of Non-Determination" based on one set of facts and body of law into a civil filing based on factual allegations that have been unreviewed[4]. This is impermissible under any reading of the case law and NMHRA as it deprives the Court of subject matter jurisdiction. This Court ***must*** dismiss an NMHRA claim if the prerequisites of obtaining an order from the New Mexico Human Rights Division are not satisfied. *Mitchell-Carr v. McLendon*, 1999-NMSC-025, ¶17 quoting *Jaramillo*, 102 N.M at 273, 694 P.2d at 529 ("[Because the administrative procedure was never invoked [,] the district court action was not an appeal under Section 28-1-13."). As applied here, Plaintiff's NMHRA causes of action must be dismissed because the administrative procedure has never been

---

[4] "…Plaintiffs would be able to circumvent all the procedures set up by the Legislature for brining discrimination claims by skipping the administrative process entirely. **Such a tactic cannot prevail**." *Rist v. The Design Center at Floor Concepts*, 2013-NMCA-109, ¶24, 314 P.3d 681. (Emphasis added)

invoked regarding Plaintiff's allegations under NMHRA and they are time-barred. *See* **Exhibit B** and *See Ulibarri v. State*, 2006-NMSC-009, 139 N.M. 193.

> **B. Plaintiff failed to establish that she exhausted his administrative remedies with respect to her discrimination claims under Title VII therefore this Court lacks subject matter jurisdiction over this claim**.

A plaintiff must exhaust his administrative remedies prior to pursuing a Title VII or NMHRA claim in federal court. *See Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (exhaustion of administrative remedies is required before pursuing Title VII lawsuit); *see also MacKenzie v. City & Cnty. of Denver*, 414 F.3d 1266, 1274 (10th Cir. 2005) ("[A] plaintiff must exhaust her claims before the EEOC as a prerequisite to federal court jurisdiction over her ADA claims"). Exhaustion of administrative remedies is considered "a prerequisite to suit" under Title VII. "Title VII plaintiffs must clear three procedural hurdles before bringing suit in state or federal court: (1) file a discrimination charge with the EEOC, (2) receive a right-to-sue letter from the EEOC, and (3) file suit within ninety days of receiving the letter." *Kinney v. Blue Dot Servs. of Kan.*, 505 F. App'x 812, 814 (10th Cir. 2012) (unpublished); *see also Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999) ("[A] plaintiff normally may not bring a Title VII action based upon claims that were not part of a timely-filed EEOC charge for which the plaintiff has received a right-to-sue letter."), *abrogated in part on other grounds by Eisenhour v. Weber Cty.*, 744 F.3d 1220, 1227 (10th Cir. 2014).

Here, Plaintiff erroneously asserts that she has exhausted his administrative remedies under Title VII and New Mexico Human Rights Act (NMHRA). **ECF No. 1**. Plaintiff further asserts that the EEOC issued a Determination and Notice of Rights (Charge 543-2024-00938) dismissing the charge and right-to-sue. **Exhibit C**. Demonstrating exhausting of both NMHRA and Title VII claims is Plaintiff's burden. Plaintiff seems to assert that any filing with the EEOC and receiving

any "right-to-sue letter" is compliance with jurisdictional prerequisite to a Title VII lawsuit. **This is not the case**. A plaintiff is not permitted to bring a Title VII or NMHRA action based upon claims or bodies of law that were **not asserted as part** of the EEOC investigation for which plaintiff has received a right-to-sue letter. *Simms v. Okla. ex rel. Dep't of Mental Health & Substance Abuse Servs.*, 165 F.3d 1321, 1326 (10th Cir. 1999). Here, Plaintiff did not have her case fully investigated by the EEOC. **Exhibit C**—EEOC clearly states "This determination does not certify that the respondent is in compliance with the statutes." Plaintiff cannot be allowed to claim Title VII allegations for claims outside of the statutory period. Since the EEOC failed to investigate the Charge, this Court is charged with determining compliance or non-compliance with the statutory requirements.

Plaintiff here may attempt to rely on some version of the argument regarding the "dual filing system" and work sharing agreement employed in New Mexico, sometimes mistakenly parties believe the work sharing agreement between The State of New Mexico, Human Right Bureau and EEOC obviate their requirement to strictly adhere to Title VII and NMHRA statutory requirements. This also coupled with New Mexico state court's liberal pleading requirements, sometimes Plaintiffs incorrectly believe this obviates their exhaustion requirements.

In *Smelser v. Sandia Corp.*, 2018 U.S. Dist. LEXIS 54037, *13-14 (D.N.M. March 30, 2018), the plaintiff argued that the notice she received at the conclusion of the administrative proceedings for her NMHRA claim also satisfied the exhaustion requirement for her Title VII and ADA claims pursuant to the work-sharing agreement in place between the EEOC and the New Mexico Human Rights Division. *Id*. In considering this issue, Judge Brack relied on New Mexico State Supreme Court precedent articulated in *Mitchell-Carr v. McLendon*. In that case, the New Mexico Supreme Court held that that the work-sharing agreement does not permit "a shared

resolution of those charges by the EEOC and the Division" due to "significant differences in administrative authority under federal and state law." 1999-NMSC-025, ¶ 15, 980 P.2d 65, 127 N.M. 282. Thus, a non-determination notice from the Division did not satisfy the plaintiff's obligation to independently exhaust her federal claims through the EEOC. *See id*. at ¶¶ 11, 14 (holding that receipt of an EEOC right-to-sue notice is insufficient to satisfy exhaustion requirements for a NMHRA claim); *see also Rodriguez v. Wet Ink, LLC*, 603 F.3d 810, 814 (10th Cir. 2010) (noting that a number of courts have found that "a state agency's right-to-sue notice does not trigger the federal filing period and vice versa"); *see also Benavidez*, 212 F. Supp. 3d at 1067 ("Whether complainants decide to pursue their grievances with the EEOC or with the NMHRD, they must exhaust their respective regimes' administrative remedies before seeking judicial review.").

Based on *Mitchell-Carr v. McLendon*, Judge Brack, held that the plaintiff could not obtain relief in federal court under Title VII because she had not exhausted her administrative remedies **for those claims**. *Smelser v. Sandia Corp*., 2018 U.S. Dist. LEXIS 54037, *13-14. The circumstances of this case warrant the same result. Here, Plaintiff cannot obtain relief in this Court under the guise of Title VII for state law claims not asserted under NMHRA because she did not exhaust his administrative remedies for the claims she is now asserting. *Bertsch v. Overstock.com*, 684 F.3d 1023, 1030 (10th Cir. 2012) (dismissing plaintiff's disparate treatment claim in Title VII lawsuit due to her failure to file this claim with the EEOC and to receive a right-to-sue letter); *Chung v. El Paso Sch. Dist. #11*, 659 F. App'x 953, 957 (10th Cir. 2016) (unpublished) ("A plaintiff may not bring a Title VII action until she has exhausted her administrative remedies by filing an EEOC charge and receiving notice of her right to sue"); *Juarez-Galvan v. United Parcel*

9

*Serv., Inc.*, 577 F. App'x 886, 887 (10th Cir. 2014) (unpublished) ("A right-to-sue letter is a jurisdictional prerequisite to a Title VII lawsuit.").

As the federal Court has made clear by citing clear appellate state authority on this issue, Plaintiff must be issued a right-to-sue letter based on the same claims prior to seeking a *de novo* trial in state civil Court. No other result is permissible as it would thwart both the state and federal legislative intent in requiring the exhaustion requirement. Both the federal and state statutory scheme carefully put in place these procedural requirements to ensure everyone is afforded notice and multiple opportunities to be heard on a particular transaction or occurrence (common nucleus of operative facts). This is not an instance where a simple amendment to the Complaint will remedy the issue. Here, Plaintiff failed to assert the New Mexico Human Rights Act to the EEOC Charge filed on November 13, 2024, and only asserted Title VII as a basis for review by the administrative agency. *See* **Exhibit B-C**. Further, Plaintiff's only basis for the Charge of Discrimination was retaliation *not* any gender-based claims alleged in **ECF No. 1**. Therefore, all New Mexico Human Rights Act causes of action, and gender discrimination claims under Title VII must be dismissed for failure to exhaust thus, depriving this Court of subject matter jurisdiction.

Next, all of Plaintiff's claims that fall outside of the Title VII reviewing time period must also be dismissed from this suit. For example, Plaintiff brought no gender-based claims or hostile work environment claims within the requisite time period, 300 days therefore they should be similarly dismissed under the same rationale as Title VII requires a statutory time period for the claims to be permissibly reviewed. 42 U.S.C. § 2000e-5(e). Plaintiff is required to have brought a charge in compliance with Title VII, which expressly provides the allegedly discriminatory conduct be reviewed by the EEOC within 300 days of the employer's allegedly unlawful action. Here all Title VII causes of action must be during the requisite statutory time-period promulgated

by Congress to be considered permissible for administrative review. Since the EEOC expressly did not review statutory compliance with Title VII, this Court is forced to review applicability of Title VII, including 42 U.S.C. § 2000e-5(e). Many of the factual allegations in this case must be dismissed with prejudice as there is no way she can comply with the procedural pre-suit filing requirements in a timely manner. No Charge of discrimination was filed with the EEOC in time for this suit to be proper. The time has passed and now this Complaint must be dismissed with prejudice.

### III.  CONCLUSION

Defendant requests this Court to require Plaintiff to show proof that the allegations contained in the Complaint have been properly reviewed by New Mexico Human Rights Commission and/or the EEOC. If Plaintiff cannot properly procure an additional timely filed Charge with a notice of Non-Determination and Right to Sue Letter based on allegations contained in the instant Complaint for each body of law and factual allegation under Title VII and NMHRA, then the Complaint **must be** dismissed **with prejudice**. Defendant conferred with Plaintiff prior to filing this Motion and opposition is presumed.

> Respectfully Submitted:
>
> JACKSON LEWIS P.C.
>
> By: /s/*Linn E. Gillen*
>     Danny W. Jarrett
>     Linn E. Gillen
> 500 Marquette Ave NW, Suite 1050
> Albuquerque, NM 87102
> (505) 878-0515
> Linn.Gillen@jacksonlewis.com
> Danny.Jarrett@jacksonlewis.com
>
> *Attorneys for Defendant Cattle Baron Restaurants, Inc.*

## **CERTIFICATE OF SERVICE**

I hereby certify that the foregoing was electronically filed and served via the Court's CM/ECF system on this 27th day of May 2025, which caused all parties or counsel below to be served as more fully reflected on the Notice of Electronic Filing.

**Joseph M Zebas**
Zebas Law Firm LLC
502 W. Alto Dr.
P.O. Box 1675
Hobbs, NM 88241-1675
(575) 393-1024
Fax: (575) 393-1024
Email: joe.zebas@zebaslaw.com

JACKSON LEWIS P.C.

By: *Linn E. Gillen*
    Linn E. Gillen