IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

MARIAH SANDOVAL,

    Plaintiff,

v.                                                            Civ. No. 25-218 DHU/GBW

CATTLE BARON RESTAURANTS, INC., *et al.*,

    Defendants.

## ORDER DENYING IN PART AND GRANTING IN PART PLAINTIFF'S MOTION FOR EXTENSION OF TIME TO SERVE DEFENDANT MONTE WALKER BY MEANS OF ALTERNATIVE SERVICE

THIS MATTER is before the Court on Plaintiff's Motion for Extension of Time to Serve Defendant Monte Walker by Means of Alternative Service. *Doc. 12.* In the Motion, Plaintiff makes two related requests: (1) to permit additional time to serve Defendant Walker, and (2) permission to complete that service through publication. *Id*. In support of the Motion, Plaintiff submits four affidavits detailing multiple unsuccessful attempts to personally serve Defendant Vasquez. *See id.*, Exhs. A-D.

Rule 4 of the Federal Rules of Civil Procedure authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Pursuant to the New Mexico Rules of Civil Procedure, service by publication may be permitted upon motion, without notice, and upon a showing by affidavit that service cannot reasonably be accomplished through the other methods provided in Rule 1-004. *See* NMRA 1-004(J), (K). To satisfy this standard, a party must

1

first demonstrate that service was attempted in accordance with the procedures set forth in Rule 1-004(F).  *See Soto v. Vill. of Milan Police Dep't*, 2010 WL 11619168, at *2-3 (D.N.M. Sept. 17, 2010) (unpublished).  Second, in *in personam* cases, the party must show that "the defendant, being aware that civil action may be instituted against him, [has] attempt[ed] to conceal himself to avoid service of process."  *Clark v. LeBlanc*, 593 P.2d 1075, 1076 (N.M. 1979); *see, e.g., Reali v. Bd. of Cnty. Comm'rs*, 2019 WL 6496929 at *2-*3 (D.N.M. Dec. 3, 2019) (unpublished).

In the case at bar, Plaintiff seeks to recover monetary damages from Defendant Walker.  *Doc. 1* at 20.  Her action is therefore *in personam*, and the concealment requirement applies.  Assuming without deciding that Plaintiff exhausted the methods of service of an individual as described in NMRA 1-004(F)(1)-(3), the Court notes that the Motion does not argue that Defendant Walker has concealed himself to avoid service of process.  Moreover, the facts alleged do not appear sufficient for such a finding at this time.  *See* Order Granting in Part and Denying in Part Plaintiffs' Motion to Extend Time and For Service by Publication*, Cowan v. D'Angelico*, No. 1:09-cv-00483-RB-LFG, *doc. 49* at 4 (D.N.M. Sept. 15, 2009) (unpublished) (citing *Edmonds v. Martinez*, 215 P.3d 62, 67 (N.M. App. May 6, 2009)) ("In order to permit substituted service on the basis of evasion, the Court must make a finding of fact that the defendant intentionally avoided service of process.").  Absent such a showing, this Court will not approve service of Defendant Walker by publication.

The Court, however, will grant Plaintiff's request for an extension of time to serve Defendant Walker until August 1, 2025.

IT IS THEREFORE ORDERED that Plaintiff's Motion for Extension of Time to Serve Defendant Monte Walker by Means of Alternative Service (*doc. 12*) is DENIED IN PART and GRANTED IN PART. Service of Defendant Walker by publication is not approved. Plaintiff's time to otherwise serve Defendant Walker is extended until **August 1, 2025.**

_____
GREGORY B. WORMUTH
CHIEF UNITED STATES MAGISTRATE JUDGE